Filed 9/1/20  P. v. Lopez CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARNOLD NAJERA LOPEZ,<br><br>    Defendant and Appellant. | B297547<br><br>(Los Angeles County<br>Super. Ct. No. YA098163) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Affirmed.
        Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.
        No appearance for Plaintiff and Respondent.

————————————

Arnold Najera Lopez brandished a replica gun and assaulted a youth during separate confrontations. He was subsequently convicted of four misdemeanor counts based on these incidents and placed on probation. No arguable issues have been identified following review of the record by Lopez's appointed appellate counsel or our own independent review. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Lopez was charged in an information with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)), assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)) and two counts of brandishing a replica gun (Pen. Code, § 417.4).

According to the evidence at trial, after the end of the high school day, Lopez insulted Carlos G. and pointed a replica gun at him.[1] Lopez and Carlos then engaged in a fistfight. When the fight was over, Lopez again pointed the gun at Carlos, who thought it was real.

The following morning Carlos, Wendy S. and several other students were walking to school when a car pulled up. Lopez got out of the passenger side of the car, pointed the replica gun at Carlos and spoke to him. Frightened, Carlos began to move away. Recognizing the gun was not real, Wendy intervened and spoke to Lopez as one of the other students called the police.

The driver demanded that Lopez return to the car, and he complied. Wendy told Lopez to leave, and the two of them exchanged blows through the car window. Lopez then used the butt of his gun to strike Wendy, causing swelling to her face. As the car began to move, Lopez grabbed Wendy's hand and pulled

---

[1] Lopez was not a student at the high school.

her along with the car for a distance of three to four feet. Wendy hit Lopez in the face, and he released her.

The car drove away from the scene of the incident, but was stopped approximately three blocks away by the police, who recovered the replica gun from a backpack on the passenger side. Lopez volunteered the gun was a replica.

Pedro Pineda, the driver of the car, testified in Lopez's defense. Pineda denied Lopez ever left the car or pointed the replica gun at anyone. According to Pineda, Wendy was the aggressor and "just went off" on Lopez. Lopez did not testify.

The jury found Lopez guilty on both counts of brandishing a replica gun, not guilty of the two aggravated assault charges, but guilty of two lesser included simple assaults (Pen. Code, § 240).

The trial court placed Lopez on probation for three years on condition he serve 30 days in county jail (with credit for time served), complete anger management classes and stay away from Carlos and Wendy. The court imposed and stayed statutory fines, fees and assessments. Lopez filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Lopez on appeal. After reviewing the record, counsel filed a brief raising no issues. In a notice dated January 15, 2020 we attempted to advise Lopez he had 30 days within which to submit any contentions or issues he wished us to consider. On January 21, 2020 the notice was returned with a notation "Return to sender. Vacant, unable to forward."[2]

---

[2] When we appointed appellate counsel for Lopez, we directed Lopez "to keep the court informed of his/her mailing address at all times. If you move, you MUST notify the clerk of this court immediately; otherwise you may not receive important

We have examined the record and are satisfied appellate counsel for Lopez has complied with counsel's responsibilities and there are no arguable issues.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

**DISPOSITION**

The judgment is affirmed.


                                        PERLUSS, P. J.

We concur:



SEGAL, J.



FEUER, J.

---

notices concerning your appeal."  Lopez has not provided any information regarding his current address.